■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHLICK, Appellant. [846 NYS2d 128]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered March 13, 2003, convicting defendant, after a nonjury trial, of grand larceny in the second degree and two counts of criminal possession of a forged instrument in the second degree, and sentencing him to an aggregate term of 2 to 6 years, unanimously affirmed.

Defendant was convicted of taking large sums of money from an elderly woman after she had become mentally incompetent. The court properly precluded, as irrelevant, evidence of defendant's financial relationship with the victim prior to the period during which the crimes were allegedly committed. The proffered evidence, viewed most favorably to defendant, would have established, at most, that the victim made substantial gifts to him while she was still competent. Defendant's alleged authority to spend the victim's money on himself while she was competent would not have given rise to any actual or implied authority to continue to incur such expenditures after the victim lost her mental capacity, or to a good faith belief in any such continued authority (*see generally People v Ricchiuti*, 93 AD2d 842, 844 [1983]). Even if defendant believed that the victim, had she remained competent, would have continued the pattern of gifts, this would not have entitled him to unilaterally take her money after she was no longer capable of choosing to give it away. There was no impairment of defendant's right to present a defense, since the evidence he sought to introduce did not support any valid defense. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.